# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-317V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                      *
SUZANNE ZACHARSKI, as personal        *
representative of the estate of       *
DIANE LEMANSKI,                       *        Chief Special Master Corcoran
                                      *
            Petitioner,               *        Filed:  March 10, 2026
                                      *
      v.                              *
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
            Respondent.               *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Joseph A. Vuckovich*, Mctlaw, Washington, DC, for Petitioner.

*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEYS' FEES AND COSTS[1]

On January 8, 2021, Suzanne Zacharski, on behalf of Diana Lemanski, filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that the Hepatitis A vaccine administered to Ms. Lemanski on February 2, 2018, caused or significantly aggravated her "chronic motor axonal polyneuropathy" and ultimately led to her death. Petition (ECF No. 1) at 1–2. A two-day entitlement hearing was held in Washington, D.C., on September 23–24, 2024. Thereafter, I dismissed the claim, and that determination was not appealed. *See* Decision, dated Mar. 26, 2025 (ECF No. 63).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorneys' fees and costs. Motion, dated Oct. 24, 2025 (ECF No. 68) ("Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of $497,752.03 in attorney's fees and costs ($393,239.00 in fees, plus $104,513.03 in costs) for the work of attorneys and staff at mctlaw. Mot. at 1, 2. Respondent reacted to the fees request on October 27, 2025. *See* Response, dated Oct. 27, 2025 (ECF No. 69) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. *Id.* at 2, 4. Petitioner filed a reply, maintaining her position and requesting that she be awarded the requested fees and costs as indicated. Reply, dated Oct. 31, 2025 (ECF No. 70).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$497,752.03**.

## ANALYSIS

### I.    Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g., Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find there was sufficient objective basis to entitle him to a fees and costs award. This was a very complicated case that did not easily yield a result, and both sides fairly disputed any number of issues relevant to Ms. Lemanski's treatment and diagnoses. Petitioner was ultimately unable to demonstrate that Ms. Lemanski's receipt of the Hepatitis A vaccine "did cause" her chronic motor axonal polyneuropathy, or that it occurred within a medically acceptable timeframe, but it was a reasonably-disputed claim based on a large number of objective items of evidence. Thus (and because I find no other reason to deny fees), a final award of fees and costs in this matter is appropriate.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

(citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|---|
| **Altom Maglio (Attorney)** | $381.00 | $400.00 | -- | -- | -- | -- | -- | -- |
| **Catherine Costigan (Attorney)** | -- | -- | -- | -- | -- | $370.00 | $395.00 | $435.00 |
| **Jennifer Maglio (Attorney)** | -- | -- | -- | -- | -- | -- | -- | $572.00 |
| **Joseph Vuckovich (Attorney)** | -- | $315.00 | $345.00 | $370.00 | $385.00 | $415.00 | $445.00 | $490.00 |
| **Paralegals** | $148.00 | $154.00 | $160.00 | $160.00 | $170.00 | $180.00 | $190.00 | $205.00 |

ECF No. 68-2 at 127–28.

Joseph Vuckovich and the other mctlaw attorneys participating in this case practice in Washington, D.C.—a jurisdiction that has been deemed "in forum." Accordingly, they are entitled to the forum rates established in *McCulloch*. *See Cain v. Sec'y of Health & Hum. Servs.*, No. 17-264V, 2022 WL 1299129 (Fed. Cl. Spec. Mstr. Apr. 5, 2022). The rates requested are also consistent with what has previously been awarded for their time, in accordance with the office of Special Masters' fee schedule.[5] *Gootee v. Sec'y of Health & Hum. Servs.*, No. 22-0827V, 2025 WL 2058024, at *2 (Fed. Cl. Spec. Mstr. June 18, 2025). I thus find no cause to reduce them in this instance. And I award all attorney time devoted to the matter as requested. I shall also award the requested paralegal times at the provided rates.

## III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2012 WL 5367670, at

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 10, 2026).

*16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $104,513.03 in outstanding costs, including the filing fee, medical record retrieval costs, medical literature costs, mailing costs, travel costs associated with the hearing, and costs associated with the work of three experts—K. H. Vincent Lau, M.D., Mel Berger, M.D., Ph.D., and Steven B. Bradfute, M.D. ECF No. 68-3 at 1–4. Dr. Lau prepared two written reports and testified on behalf of Petitioner, submitting invoices reflecting a total amount of $45,650.00 (29 hours of work billed at $350.00 per hour for work performed in 2022; 67.5 hours of work billed at $500.00 per hour for work performed in 2023 and 2024, minus a $1,750.00 retainer fee; and costs associated with travel). *Id.* at 35, 43, 54, 136. Dr. Berger prepared three written reports and also testified on behalf of Petitioner. He submitted invoices reflecting a total of $36,230.39 (78.75 of work billed at $450.00 per hour, plus associated medical literature costs; and costs associated with travel). *Id.* at 80, 85, 96–97, 120–21, 154–56. Finally, Dr. Bradfute prepared two written reports and testified as well. Dr. Bradfute submitted invoices reflecting a total of $7,092.00 (17.73 of work billed at $400.00 per hour). *Id.* at 93, 118, 161. All of these expert costs were reasonably incurred, along with the other costs associated with litigating the matter—and all shall be awarded in full.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorneys' Fees and Costs in its entirety. Petitioner is awarded a total amount of **$497,752.03**, reflecting $393,239.00 in attorneys' fees, and $104,513.03 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

/s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.